UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUPERKITE PTY LTD, <br>  Plaintiff, <br> v. <br> ROSS B. GLICKMAN, <br>  Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. 12-CV-7754 <br><br> Hon. Sharon Coleman Johnson |
| ROSS B. GLICKMAN, URBAN HAYMAN MANAGEMENT, LLC, URBAN HAYMAN HOLDINGS, LLC, and URBAN HAYMAN JV, LLC, <br>  Proposed Counter-Plaintiffs, <br> Third-Party Plaintiffs. <br><br> v. <br><br> SUPERKITE PTY LTD., HAYMAN PRIVATE EQUITY, LLC, HAYMAN PRIVATE EQUITY AUSTRALIA (PTY), LTD., ROLAND HUSNER a/k/a ROLAND FRANK BLEYER, ANDREW BACIK, JAMES NAPOLI, CHRISTOPHER DIETERICH, ROBERT MASUD, and JOHN STAMMERS, <br><br>  Counter-Defendant, and Proposed Third-Party Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |

**DECLARATION OF ANDREW BACIK**

I, Andrew Bacik, declare as follows:

1. I have personal knowledge of the facts asserted in this Declaration and if called as a witness I could and would competently testify in accordance herewith.

2. I am the president and managing member of Hayman Private Equity, LLC ("HPE") and have authority to act on HPE's behalf.

1

145730.1

3. I am the designated Representative of HPE under the Amended and Restated Limited Liability Company Agreement for Urban Hayman JV ("the JV"). A true and correct copy of that agreement ("the JV Agreement") is attached as Exhibit A to this declaration. The designated Representatives of the members of the JV are set forth in Schedule D of the JV Agreement.

4. HPE is a member of the JV and owner of 50% of the equity in the JV, and as such has a 50% voting interest. See Schedule B of the JV Agreement.

5. I am also the designated Representative of Hayman Private Equity Australia (Pty.), Ltd. ("HPEA") as set forth in Schedule D of the JV Agreement.

6. HPEA is a member of the JV and owner of 20% of the equity in the JV, and as such as a 20% voting interest. See Schedule D of the JV Agreement.

7. I am aware that the JV's operations were suspended and its affairs began winding up as of June 2011, pursuant to letters sent by Ross Glickman to the JV and others on June 17, 2011, and by James Napoli, Andrew Bacik, Chris Dietrich, Nicholas Lillo, and David Sierens to Glickman on June 24, 2011. True and correct copies of those letters are attached as Exhibits B and C to this Declaration.

8. I am aware that a Certificate of Cancellation for the JV was filed with the Delaware Secretary of State on September 17, 2012. Both HPE and HPEA fully approved of the filing of the cancellation certificates as the final step in the winding up process that began in June 2011. It was the intent of both HPE and HPEA for the JV to be cancelled pursuant to Delaware law.

9. In reviewing the filings in this lawsuit, I learned that documents were subsequently filed with the Delaware Secretary of State on March 7, 2013 by Ross Glickman, claiming that the Certificate of Cancellation was filed "in error." This is false. The certificates were not filed in error but pursuant to the express intent of the members of the JV.

10. In reviewing the filings in this lawsuit, I learned that on March 7, 2013, Ross Glickman, purporting to act on behalf of the JV, applied for and received from the Delaware Secretary of State a Certificate of Reinstatement for the JV.

11. Neither HPE nor HPEA authorized Glickman to assert that the Certificate of Cancellation was filed in error, or to seek reinstatement of the JV. Both HPE and HPEA expressly disapprove of Glickman's fraudulent and willful misconduct in filing documents purporting to reinstate the cancelled JV.

12. HPE and HPEA object to Glickman's actions for the reasons set forth in the June 24, 2011 letter attached hereto as Exhibit B, on the grounds that Glickman had previously violated his obligations to the JV and has no right to act on its behalf or in its name. At a minimum, Glickman does not have the authority to unilaterally reinstate the JV without the approval and assent of the majority of the JV members.

13. I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st day of March 2013.

_____
Andrew Bacik

**CERTIFICATE OF SERVICE**

I hereby certify that on Monday, April 01, 2013, I electronically filed:

DECLARATION OF ANDREW BACIK

with the Clerk of the Court using CM/ECF, which will automatically send e-mail notification of such filing to all attorneys of record in this action, effectuating service in accordance with Local Rule 5.9.

DATED: April 1, 2013

Respectfully submitted,

MILLER BARONDESS, LLP

By: /s/ Erik S. Syverson

Erik S. Syverson (*pro hac vice*)
MILLER BARONDESS LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
(310) 552-4400
E-mail: esyverson@millerbarondess.com

Daniel M. Feeney / Zachary J. Freeman
MILLER SHAKMAN & BEEM LLP
180 N. LaSalle Street, Suite 3600
Chicago, IL 60640
(312) 263-3700
E-mail: dfeeney@millershakman.com

Attorneys for Plaintiff
SUPERKITE PTY LIMITED

4

145730.1